DON MEEKER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Meeker v. Commissioner
Docket No. 21751-90
United States Tax Court
T.C. Memo 1994-290; 1994 Tax Ct. Memo LEXIS 291; 67 T.C.M. (CCH) 3128; June 23, 1994, Filed *291 For petitioner: Scott P. Hendricks. For respondent: Richard A. Stone. SWIFT
SWIFT
MEMORANDUM OPINION SWIFT, Judge: This case is before the Court on petitioner's motion under section 7430 for an award of administrative and litigation costs. All section references are to the Internal Revenue Code. At the time the petition was filed, petitioner resided in San Benito, Texas. In January of 1989, respondent began an audit of petitioner's Federal income tax returns for 1986, 1987, and 1988. Petitioner did not fully cooperate in providing respondent with requested documents. Petitioner was generally evasive when respondent's representatives attempted to arrange meetings and discuss adjustments, and petitioner refused to consent to an extension of the statute of limitations for 1986, 1987, and 1988. On August 28, 1990, respondent issued a notice of deficiency regarding petitioner's 1986, 1987, and 1988 Federal income taxes. On September 27, 1990, petitioner filed his petition for a redetermination of the deficiencies. In November of 1990, the case was assigned to respondent's Appeals Office for consideration. Between November of 1990 and January 28, 1992, respondent's Appeals *292 Office representatives continued to request information from petitioner relating to petitioner's tax liabilities. Several conferences were held between petitioner, his legal representatives, and respondent's Appeals Office representatives. During this time, petitioner submitted additional documentation, and petitioner and respondent reached agreement on some issues. On January 28, 1992, at a day-long settlement conference, petitioner's representatives submitted significant additional documentation. At the conclusion of this conference, a tentative Stipulation of Agreed Adjustments (Settlement) on all issues was entered into. Five days later, petitioner, his legal representatives, and respondent's attorneys met again, signed the Settlement, and filed the Settlement with the Court. On March 17, 1992, however, respondent filed a status report explaining that a dispute had arisen over some of the terms of the Settlement. The Court granted an extension of time to resolve the dispute, which proved unfruitful. On June 9, 1993, respondent filed a Motion for Summary Judgment. On October 18 and 20, 1993, an evidentiary hearing was held. Immediately thereafter, we rendered a bench *293 opinion effectively deciding the dispute over the terms of the Settlement in favor of respondent. On December 16, 1993, pursuant to our bench opinion, we ordered that respondent's Motion for Summary Judgment be recharacterized as a Motion for Entry of Decision and granted respondent's motion. In reliance upon the fact that, under the terms of the Settlement, petitioner's tax liabilities were substantially reduced from the tax liabilities as determined in the notice of deficiency, petitioner now moves for an award of administrative and litigation costs. Under section 7430(a), a "prevailing party" may be awarded reasonable administrative and litigation costs, including reasonable attorney's fees. , affg. in part, revg. in part, and remanding ; , affg. ; . To qualify as a prevailing party, the taxpayer must establish, among other things, that *294 the taxpayer either substantially prevailed with respect to the amount in controversy, or substantially prevailed with respect to the most significant issue or set of issues. Sec. 7430(c)(4)(A)(ii). The taxpayer must also establish that respondent's position was not substantially justified. Sec. 7430(c)(4)(A)(i); , affg. per curiam . Whether respondent's position was substantially justified depends upon whether respondent's position was unreasonable in light of all the facts and circumstances of the case and in light of legal precedents. ; Sher v. Commissioner, 89 T.C. at 84; . Generally, respondent's concession of all or part of a case is not by itself sufficient to establish that respondent's position was unreasonable. ; *295 ; . The taxpayer must also establish that the taxpayer exhausted the administrative remedies within the Internal Revenue Service, sec. 7430(b)(1); that the taxpayer did not unreasonably protract the court proceedings, sec. 7430(b)(4); that the fees and costs requested are reasonable, sec. 7430(c)(1)(B)(iii); and that, at the time the proceeding was commenced, the taxpayer's net worth did not exceed $ 2 million, sec. 7430(c)(4)(A)(iii). In the present case, respondent concedes that petitioner has exhausted the administrative remedies and that petitioner has substantially prevailed with regard to the amount in controversy. The table below compares respondent's determination, as set forth in the notice of deficiency, of petitioner's tax liabilities and his additions to tax for 1986, 1987, and 1988, with petitioner's tax liabilities and additions to tax for 1986, 1987, and 1988, as agreed to in the Settlement: 1986
Per Statutory Notice
Per Settlement
Increase in Tax
$ 303,918
$ 28,804
Additions to Tax
91,176
1,440
Total
395,094
30,244
1987
Per Statutory Notice
Per Settlement
Increase in Tax
$ 176,827
$ 48,088
Additions to Tax
53,048
2,404
Total
229,875
50,492
1988
Per Statutory Notice
Per Settlement
Increase in Tax
$ 125,606
$ 40,608
Additions to Tax
37,074
2,030
Total
162,680
42,638
*296 Petitioner argues that respondent's litigation position was not substantially justified because respondent's representatives allegedly ignored documentation and other evidence presented by petitioner, refused to correct adjustments on an item-by-item basis at the time adequate evidence was presented (forcing petitioner to settle the adjustments as a "package deal"), and proposed adjustments without supporting evidence. Respondent relies on cases such as and , which hold that respondent is not unreasonable when her representatives refuse to concede adjustments until the taxpayer provides appropriate substantiation. See also ; , affd. without published opinion . In essence, the issues before us may be reduced to the following: whether respondent's representatives should have settled the adjustments sooner than January 28, 1992. *297 The evidence is clear that petitioner did not submit to respondent's representatives adequate documentation relating to many of his claims on a timely basis. The evidence is also clear that respondent's representatives did consider petitioner's documentation when received. On the record before us, we conclude that respondent's representatives did not ignore petitioner's evidence and that respondent's representatives were not unreasonable in failing to settle many of the adjustments sooner than January 28, 1992. Petitioner's argument that he was forced to settle the adjustments on a package basis also is without merit. There is no credible evidence that the settlement negotiations in this case were managed improperly by respondent's representatives. We conclude that petitioner does not qualify as a prevailing party as defined in section 7430(c)(4)(A). Accordingly, petitioner is not entitled to recover administrative and litigation costs. An apropriate order and decision will be entered.